UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE LABORERS HEALTH & WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al.,<br><br>    Plaintiffs,<br><br>   v.<br><br>RICHARD RAY GARCIA, et al.,<br><br>    Defendants. | Case No. 14-cv-02971-JD<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 18 |

Plaintiffs sued defendants under the Employee Retirement Income Security Act ("ERISA") and the Labor Management Relations Act.  29 U.S.C. § 1132; 29 U.S.C. § 185.  The complaint and summons were served on July 16, 2014.  Dkt. No. 10-11.  The defendants have not appeared or answered.  Plaintiffs requested that the clerk enter default on August 19, 2014, which the clerk did the following day.  Dkt. Nos. 13, 15.  On December 4, 2014, plaintiffs filed a motion for default judgment.  Dkt. No. 18.  The Court grants the motion.

Under FRCP 55(b)(2), a party may apply to the Court for entry of judgment by default. "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  The Court may consider the following factors in deciding whether to grant a motion for default judgment:

> (1) the possibility of prejudice to plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  The second and third *Eitel* factors -- the

merits of the claim and the sufficiency of the complaint -- are generally considered together because after the entry of default, well-pleaded factual allegations in the complaint are taken as true, except as to the amount of damages. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). Plaintiffs' complaint sufficiently states a sound cause of action for breach of fiduciary duty under ERISA.

The remaining factors, on balance, also weigh in favor of granting default judgment. The plaintiffs will be prejudiced if default judgment is not granted because they will be left with no way to recover damages. The requested amount is reasonable considering the liquidated damages and interest mandated by 29 U.S.C. § 1132(g)(2). Because defendants have not appeared, there is no indication that their default is due to excusable neglect, that the material facts are subject to dispute, or that a decision on the merits will be possible.

Defendant is ordered to pay the Trust Funds $11,455.04 in unpaid contributions, $3,774.01 in liquidated damages and interest, $4,430.00 in attorney's fees and $1,146.35 in costs. To the extent plaintiffs wish to pursue other unpaid contributions, they should do so in a separate action. The Court will not retain jurisdiction. The action is dismissed and the case is closed.

**IT IS SO ORDERED**.

Dated: April 9, 2015

_____
JAMES DONATO
United States District Judge

2